UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAUL RODRIGUEZ, | ) | No. CV 19-93 JVS (FFM) |
| Plaintiff, | ) ) | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | ) ) ) | |
| CDCR-AGENTS ET SEQ., | ) ) | |
| Defendants. | ) ) | |

## I. PROCEEDINGS

On January 4, 2019, plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed the Complaint under 42 U.S.C. § 1983 ("Section 1983"). (Docket No. 1.) On April 5, the Court dismissed the Complaint with leave to amend under 28 U.S.C. §§ 1915(g) and 1915A. (Docket No. 18.) Plaintiff filed a first amended complaint ("FAC") on April 25. The Court dismisses the FAC with leave to amend.

## II. ALLEGATIONS

Defendant F. Leckie found plaintiff guilty on an "STG RVR" with no evidence to support the accusation. Plaintiff was given 30 days' punishment, and the BPH relied on the RVR conviction in denying parole to plaintiff. Plaintiff was unable to express his culture and was not afforded due process of law.

///

Defendant Kimberly A. Seibel, the warden, had a duty to supervise and enforce state regulations. She wrongfully signed off on the second level of the appeal.

Defendant S. K. Hemenway, an appeals examiner, acted on behalf of the CDCR director. He failed in his duty to protect plaintiff from civil rights violations.

Defendant Paul Edwards, the chief of operations for civil rights, declined in bad faith to preserve plaintiff's civil rights. He was silent in the face of plaintiff's grievances.

Defendant Ralph M. Diaz knew of the harm done but did nothing.

Plaintiff sues all defendants in their individual capacities. Plaintiff seeks monetary damages and injunctive relief.

## III.  ANALYSIS

A. <u>Standard of review</u>.

Dismissals for failure to state a claim under 28 U.S.C. §§ 1915 and 1915A use the same standards as those applied to dismissals under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

As to factor (2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

/ / /

In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Finally, *pro se* litigants in civil rights cases should be given leave to amend their pleadings unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Lopez*, 203 F.3d at 1127-29.

B.  Discussion.

In the Complaint, plaintiff described the circumstances under which he was (twice) charged with, and convicted of, an "STG"[1] violation. As well, he set forth the facts regarding the grievances he filed regarding those convictions. (*See* Docket No. 3; *see also* Docket No. 18, § II.) In granting plaintiff leave to amend, the Court admonished plaintiff that the FAC must be complete in itself, without reference to the Complaint. (Docket No. 9 at 5.) However, plaintiff has omitted the bulk of relevant factual allegations from the FAC. Accordingly, the FAC does not plausibly suggest the violation of his constitutional rights.

As to defendant Leckie, plaintiff fails to state a due process claim. First, a prison disciplinary conviction does not trigger the Due Process Clause's protections unless, as relevant, it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). Extended placement in harsh disciplinary confinement may implicate the Due Process Clause. *See Wilkinson v. Austin*, 545 U.S. 209, 224, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005). So may a revocation of good time credits that inevitably affects the length of confinement. *See Sandin*, 515 U.S. at 481-84.

/ / /

---

[1] The Court assumes that by "STG," plaintiff again refers to "Security Threat Group." *See* Cal. Code Regs. tit. 15, § 302; *see also* Docket No. 18, § II.

Here, however, plaintiff alleges only that he was given "30 days." He does not allege the nature of those "30 days." Without factual allegations plausibly suggesting an "atypical and significant hardship," the Court cannot infer that plaintiff was entitled to procedural protections in connection with the RVR.

Second, where the Due Process Clause is implicated, a disciplinary conviction must be supported by "some evidence" in the record. *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985). Plaintiff alleges that there was no evidence to support his RVR conviction(s), but he provides no details regarding the charge(s), the evidence Leckie relied on, and the conviction(s). Without such factual content, the Court cannot reasonably infer that plaintiff was denied procedural due process. *See Iqbal*, *supra* ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do" (internal quotation marks omitted).)

As well, plaintiff provides no details regarding the alleged suppression of his cultural expression. Accordingly, to the extent he alleges Leckie violated his First Amendment rights, his claim fails. If plaintiff wishes to state a First Amendment claim, he must allege facts plausibly suggesting, as relevant, that (1) his expressive speech was restricted; and (2) there was no legitimate penological objective for the restriction. *See Pell v. Procunier*, 417 U.S. 817, 822, 94 S. Ct. 2800, 41 L. Ed. 2d 495 (1974).

Plaintiff's claims against the remaining defendants are equally infirm. As to Warden Seibel, liability may not be imposed on supervisory personnel under Section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). Thus, a supervisor may be held liable only if she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Therefore, denying an inmate grievance *after* a constitutional violation does not provide a basis for holding a supervisory official

liable for that violation.[2]  Furthermore, as prison inmates do not have a constitutional right to have their grievances processed in a particular fashion, *see Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), the allegation that Warden Seibel wrongfully denied a grievance does not, in itself, state a Section 1983 claim.

Plaintiff's claims against Hemenway, Edwards, and Diaz are entirely devoid of specifics.  Simply put, the Court has no idea what each defendant did, or failed to do, and how such acts or omissions deprived plaintiff of his constitutional rights.  Plaintiff's conclusory allegations of harm are insufficient to state a claim.  *Iqbal*, *supra*.  Moreover, if plaintiff alleges that these defendants failed to take corrective action after the RVR conviction, or that they wrongfully denied his grievances, he fails to state a claim.  *See* discussion, *supra*.

Finally, as a general rule, the violation of state regulations does not rise to the level of a constitutional violation.  *See Bostic v. Carlson*, 884 F.2d 1267, 1270 (9th Cir. 1989), *overruled on other grounds*, *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir.1981).  Therefore, in itself, CDCR officials' failure to follow state law does not state a claim under Section 1983.

In sum, the FAC is subject to dismissal.  As cure by amendment appears possible, the Court grants plaintiff leave to amend.[3]

/ / /

/ / /

---

[2]  And in any case, plaintiff has not sufficiently alleged that the RVR conviction violated his rights.  Therefore, on the facts currently alleged, neither Warden Seibel nor any other supervisory defendant can be held liable for participating in that wrong.

[3]  The Court notes that although plaintiff names Leckie *et al.* as defendants in the FAC's body, he names "CDCR-AGENTS et seq." as defendants in the FAC's caption.  Plaintiff may not designate defendants collectively as "CDCR-AGENTS *et seq.*"  *See* Fed. R. Civ. P. 10(a).  To avoid confusion about whom plaintiff intends to sue, the Court directs plaintiff to include all named defendants in the caption of his amended pleading.  *See* Fed. R. Civ. P. 8(a)(2), 10(a).

## IV.  ORDER

For the foregoing reasons, the FAC is subject to dismissal.  Plaintiff is granted leave to file an amended pleading within 30 days of the date hereof.  The amended pleading must be captioned "Second Amended Complaint" **and must be complete in itself, without reference to the Complaint or FAC.**  The Second Amended Complaint must cure the defects described above and for which the Court has granted plaintiff leave to amend.  Plaintiff shall not add any new claims to the Second Amended Complaint.  **The Court warns plaintiff that if he does not file an amended pleading in the time allotted, the Court will recommend the dismissal of this action without prejudice.**

DATED:  May 1, 2019

                                                /s/ Frederick F. Mumm
                                            FREDERICK F. MUMM
                                          United States Magistrate Judge